1  Christopher P. Burke, Esq.
   Nevada Bar No.: 004093
2  *attycburke@charter.net*
   526 Lander Street
3  Reno, Nevada  89509
   (775) 333-9277
4
   Nathan R. Zeltzer, Esq.
5  Nevada Bar No.: 005173
   232 Court Street
6  Reno, NV 89501
   (775) 786-9993
7  Attorneys for Plaintiff
   Alexandra N. Sorrell
8

9            **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
10

11
   ALEXANDRA N. SORRELL , and all others          Case No.:
12 similarly situated,
                          Plaintiff,
13
   v.                                             **COMPLAINT FOR DAMAGES
14                                                 AND INCIDENTAL RELIEF
   PARKER & ELLIS LAW GROUP, LAWRENCE             AND DEMAND FOR JURY
15 PARKER, ANDY ELLIS, and JERRY KRAMER,          TRIAL CLASS ACTION**

16
                          Defendants.
17

18         Plaintiff, Alexandra N. Sorrell, an individual ("Sorrell") referred to as the "Class

19 Representative", on behalf of herself and all others similarly situated, files this Complaint

20 for Damages and Incidental Relief under the Fair Debt Collection Practice Act ("FDCPA")

21 against Defendants, Parker & Ellis Law Group, attorney's Lawrence Parker, Jerry Kramer,

22 and Andy Ellis, collectively ("Parker & Ellis") and allege as follows:

23

24                                  1

<u>INTRODUCTION</u>

1.      This class action seeks injunctive and monetary relief to redress an unlawful and deceptive pattern of wrongdoing by Parker & Ellis with respect to collection letters it sends to alleged debtors and consumers not only in the State of Nevada, but the entire United States.

2.      As more particularly described below Parker & Ellis improperly sends out collection letters that are deceptive and misleading.

3.      These include, Parker & Ellis's collection letters threatening to take action, such as their "preparing to file immediate legal action (filing a lawsuit)", but because they are not licensed attorneys in Nevada and most other states they could not take such action.

4.      Also, Parker & Ellis sending collection letters that gave the deceptive and misleading appearance that a lawsuit had already been filed, by having the word FILED in big bold letters, the date under it, and the words filing clerk and a name listed under it.

5.      In addition, Parker & Ellis's collection letters have the deceptive comment that they "reserve the right to subpoena . . ." when every party has that right. And it again implies a lawsuit has already been filed.

6.      The Parker & Ellis collection letters add that an alleged debtor can call to "check the status of your case," when no case has been filed.

7.      Further, their collection letters contain "CC: UNITED STATES DISTRICT, COURT FOR NEVADA." Thus, again implying a lawsuit has already been filed.

JURISDICTIONAL ALLEGATIONS

8.    Plaintiff, Alexandra N. Sorrell, is an individual, a natural person, who is a citizen of the State of Nevada.

9.    Defendant, Parker & Ellis Law Group is a collection law firm, but not licensed in Nevada, who collects for CashNetUSA and other creditors.

10.    Defendants Lawrence Parker, Jerry Kramer, and Andy Ellis are attorneys for Parker & Ellis and reside outside of Nevada.

11.    This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibits debts collectors from engaging in abusive, deceptive, and unfair practices.

12.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d); 28 U.S.C. §1332 and 28 U.S.C. §1337.

PARTIES

13.    At all times material hereto, the Class Representative was *sui juris* and a resident of Washoe County, Nevada.

14.    The proposed class would consist of residents of the State of Nevada and the United States, who received collection letters from Parker & Ellis the same or similar to the one Sorrell received.

GENERAL ALLEGATIONS
OF CLASS REPRESENTATIVE

15.    The Plaintiff alleges, realleges and incorporates by reference each and every

allegation contained in the preceding paragraphs.

16.   On or about May 13, 2024 Parker & Ellis sent a collection letter to Sorrell (Ex. '1').

### FIRST CLAIM FOR RELIEF
False Representation 15 U.S.C. §1692e(2) and (5)

17.   The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

18.   Parker & Ellis violated 15 U.S.C. §1692(e)(2) and (5) by making, and continuing to make, false representations as to the character and legal status of the alleged debt.

19.   The remedy for these is the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitation imposed by 15 U.S.C. §1692k(a)(1)(B).

20.   As a sole, direct and proximate result of the foregoing, Plaintiff has been damaged in a sum to be proven at trial.

21.   As a sole, direct and proximate result of the foregoing, Plaintiff has been forced and compelled to pay an attorney to protect her rights and is entitled to his costs and damages.

### SECOND CLAIM FOR RELIEF
Unfair Practices- 15 U.S.C. §1692f(1)

22.   The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

23.   At the time the Defendants sent its collection letter it was not licensed in

4

Nevada to take any legal action but its collection letter indicated it could.

24.  Parker & Ellis violated 15 U.S.C. §1692f(1) by making representations in its letter that Plaintiff owed a debt.

25.  The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a)(1)(B).

26.  As a sole, direct and proximate result of the foregoing, Plaintiff has been damaged in a sum to be proven at trial.

27.  As a sole, direct and proximate result of the foregoing, Plaintiff has been forced and compelled to pay an attorney fee to protect his rights and is entitled to his costs and damages.

## THIRD CLAIM FOR RELIEF
### Declaratory Relief

28.  The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

29.  That the Court declare that any negative credit listing, if any exist, be removed from each person's credit report.

## CLASS REPRESENTATION ALLEGATIONS
### Statement of Maintainable Class Claim

30.  Pursuant to Federal Rule of Civil Procedure 23(a), this is a case maintainable on a class-wide basis pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3). The Class Representative brings this action on behalf of herself and a class of all others persons similarly situated to remedy the ongoing

5

unfair, unlawful, and/or deceptive business practices alleged herein and seek redress on behalf of all those persons who have been harmed thereby.

Identification of Common Questions of Law or Fact

31. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, which common issues predominate over any issues involving any individual class members.

32. The factual questions common to the Class Representative and to each class member is that each was sent a collection letter in the form of Exhibit "1" that was invalid and has been subjected, or may be subjected to, unlawful collection activities, including garnishments, liens, levies, and adverse actions on their credit reports.

33. Pursuant to Federal Rule of Civil Procedure 23(a)(2), the principal legal question common to the Class Representative and to each class member is whether the collection letter complied with federal law with respect to the FDCPA.

Allegations of Typicality

34. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representative is typical of those of the classes they seek to represent in that the Class Representative was a collection letter in the form of Exhibit "1" and has been subjected to the collection and credit reporting activities as described above. As such the claims of the Class Representative is identical to that of the class members.

1

Allegation of Numerosity

2   35.   Based on the best due diligence and the experience of Class Counsel, the Class

3         Representative believes that Defendant Parker & Ellis , have sent hundreds

4         of similar collection letters in the past year.

5   36.   Based on the foregoing the prospective class numbers are at least in the

6         hundreds and are so numerous that joinder of all members would be

7         impractical. The exact size of the proposed class and the identity of the

8         members thereof are readily ascertainable from Parker & Ellis's business

9         records.

10

Definition of Class

11   37.   Pursuant to Federal Rule of Civil Procedure 23(a)(3), the class is composed

12         of all Nevada and USA residents who in the last year preceding the filing of

13         the instant claim:

14         a.      Have or had a collection letter sent by Parker & Ellis.

15

Adequacy of Class Representative

16   38.   Pursuant to Federal Rule of Civil Procedure 23(a)(3), the Class

17         Representative will fairly and adequately protect and represent the interest

18         of each class member. The Class Representative has retained counsel with

19         substantial experience in handling class actions in federal and state court.

20   39.   The Class Representative has no conflicts of interest which would interfere

21         with his ability to represent the interests of the class members.

22   Appropriateness of Hybrid Class Treatment Under FRCP 23(b)(2) and (3)

23   40.   A class action is superior to other methods for the fair and efficient

24

adjudication of this controversy. Because the damages suffered by the individual class member may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual members against Parker & Ellis.

41. The Class Representative is represented by counsel competent and experienced in both consumer protection and class action litigation.

42. Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against Parker & Ellis will not be prejudiced by this action. Each member of the proposed class will be identified through discovery from Parker & Ellis and will be notified and given an opportunity to opt out of the class.

43. The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed class is a party and in which any question of law or fact contained in the present action is to be adjudicated. The Class representative will identify any such pending litigation by discovery from Parker & Ellis.

44. This Court is an appropriate forum for the present action in that the Class Representative is, and at all times herein mentioned, has been a resident of Washoe County, Nevada; the letter was sent to Sorrell in Washoe County, Nevada; Parker & Ellis does business in Washoe County, Nevada including

without limitation sending collection letters, to residents throughout this state and the USA.

45. The Plaintiff alleged by information and belief that Defendant operates a website for its debt collection purposes. The URL of the website is: https://parkerellislaw.com.

46. The Plaintiff seeks declaratory relief under FRCP 23(b)(2) that the sole purpose of the Defendant's website is to collect payments that are collected in violation of 15 U.S.C. §1692 et seq.

47. That Plaintiff be granted the authority to have the website URL and domain name confiscated and deactivated as it violates the above statute in its operation and use.

48. Certification of a class under Federal Rule of Civil Procedure 23(b)(2), is appropriate as Parker & Ellis have acted on grounds generally applicable to the Class with respect to the same collection letter as described above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities Parker & Ellis will continue to unlawfully harm the interests of the Class Representative and the class for which no adequate remedy at law exists.

49. Certification of a class under Federal Rule of Civil Procedure 23, is also appropriate in that:

   a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

9

b.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

50.    The Class Representative requests certification of a "hybrid" class for monetary damages under FRCP 23(b)(3) and for equitable relief under FRCP 23(b)(2). See *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir. 1981); *Agan v. Kaizman & Korr*, P.A., 222 F.R.D. 692 (S.D. Fla. 2004).

51.    There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

52.    The Class Representatives counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

**WHEREFORE**, The Plaintiff respectfully prays the judgment be entered against the Defendants Parker & Ellis, Lawrence Parker, Jerry Kramer, and Andy Ellis for the following;

1.    To certify a class of Plaintiffs against Parker & Ellis, Lawrence Parker, Jerry Kramer, and Andy Ellis.

2.    With respect to the First Claim for Relief, 15 USC §1692e(2) and (5) the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a)(1)(B) plus reasonable attorney fees and costs.

3.    With respect to the Second Claim for Relief, 15 USC §1692f(1) the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692(k)(a)(1)(B) plus reasonable attorney fees and costs.

1    4.    With respect to the Third Claim for relief, to declare that its collection letter

2    be declared void and invalid as to each class member.

3    5.    That each class member's credit report be restored and any negative credit

4    listing be removed.

5    6.    Turnover of all funds that were illegally received.

6    7.    For actual damages.

7    8.    For attorneys fees.

8    9.    For such other and further relief as this Court may deem appropriate.

9

Dated: This 7TH day of August, 2024

10

*/s/Christopher P. Burke, Esq.*
11    Christopher P. Burke, Esq.
Nevada Bar No.: 004093
12    *attycburke@charter.net*
526 Lander St.
13    Reno, Nevada  89509
(775) 333-9277
14

Nathan R. Zeltzer, Esq.
15    Nevada Bar No.: 005173
232 Court St.
16    Reno, NV 89501
(775) 786-9993
17    Attorneys for Plaintiff
Alexandra N. Sorrell
18

19    **Exhibit "1"** Collection letter

20

21

22

23

24                                                        11

# EXHIBIT '1'

## Collection Letter

**PARKER & ELLIS LAW GROUP**
522 N. CENTRAL AVE #831
PHOENIX, AZ 85004

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE

| |
|---|
| RE:    **CASHNETUSA** |
| TYPE:  **LINE OF CREDIT** |
| DESCRIPTION: NSF FRAUD |
| FILE NUMBER: 11387793 |
| AMOUNT DUE: $699.67 |
| DUE DATE:    MAY 24, 2024 |

**DEFENDANT**
ALEXANDRA N. SORRELL
580 GENOA AV
RENO, NV 89503

*SCAN QR CODE TO CHECK CASE STATUS OR PAY ONLINE.*



> **QUESTIONS, PLEASE CALL:**
> **1-800-683-7259 x1**
> **Hours: 7:00AM –5:00 PM MON-FRI**
> **WWW.PARKERELLISLAW.COM**

<u>**Notification of Lawsuit Filing and Civil Complaint**</u>

Attention Alexandra N. Sorrell,                                                                    **(2nd Notice)**

This letter is to inform you that due to the severe delinquency of your previous loan with *CASHNETUSA* that we are now preparing to file immediate legal action (filing a lawsuit), which may result in a civil court judgment. This civil judgment will immediately be reported to the credit bureaus and will be aggressively enforced. In addition to the principal balance, accrued interest, court costs, and attorney fees will be added to the debt and the amount of the lawsuit.

Civil judgments generally result in a wage garnishment, lien against personal property, including motor vehicles, or a levy on your bank account. *<u>This will also be reported to both Transunion and Experian.</u>*

CAUSE OF ACTION ONE (1): Because you obtained this loan and immediately closed or changed your bank account, and because your check (ACH payment) was returned unpaid by your bank due to non-sufficient funds (NSF) for an amount greater than $100.00, we have noted your case with fraudulent activity and with a malicious intent to commit fraud.

We further reserve the right to subpoena the following reference(s) and/or income source listed on the loan application as witnesses/evidence to testify should this matter go to trial. This includes current employment information as well.
*UPS, ALEX SORRELL MELANCON

<u>It is imperative that you mail your balance in full today to the above address in order to prevent this action, *or that you call our office upon receipt of this notice. If your payment is not received by this office by the due date referenced above, or* if you do not contact our office, our intent is to immediately have you served a court summons by your local Sheriff's Office to appear in a District Court of the United States for further action.</u>

To pay online now by using your debit or credit card, or to check the status of your case, visit us at WWW.PARKERELLISLAW.COM, or call 1-800-683-7259 x1.

**FILED**
MAY 13, 2024
Filing Clerk
b/ T. Rosales

CC: UNITED STATES DISTRICT COURT FOR NEVADA, TRANSUNION, EXPERIAN

.........................................................................................................................
***Detach above and return with your payment***

**RE: CASHNETUSA**
**File #:11387793**
**Amount Due:    $699.67**

ALEXANDRA N. SORRELL
580 GENOA AV
RENO, NV 89503

PARKER & ELLIS LAW GROUP
522 N. CENTRAL AVE #831
PHOENIX, AZ 85004